◼ In the Matter of EUGENE TAYLOR, Petitioner, for LAWRENCE P. FRAIBERG, an Allegedly Incapacitated Person. PAUL D. SIEGFRIED, Respondent. TIMOTHY COYLE, Nonparty Appellant. [916 NYS2d 595]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered on or about August 9, 2010, which, insofar as appealable, upon renewal, adhered to the original determination of the motion by the allegedly incapacitated person's (AIP) guardian for a determination of appellant's claim for payment for personal services allegedly rendered to the AIP from January 1, 2009 through June 3, 2009, and order, same court and Justice, entered on or about May 14, 2010, which ordered that the guardian deny appellant's claim, unanimously affirmed,

without costs. Appeal from the portion of the August 9, 2010 order that denied appellant's motion for reargument unanimously dismissed, without costs, as taken from a nonappealable order.

On the prior motion, the court determined that appellant's claim was not properly substantiated, since appellant was unable to produce a written contract, and his claim that he was hired by his brother, or by the AIP himself, pursuant to an oral agreement, to work 40 hours per week at an annual salary of $100,000 was not supported by tax records or contemporaneous time records documenting the hours he worked and the services he provided, but was based only on his own initial claim letter, a letter from his brother, and his affidavit. On renewal, appellant submitted another letter from his brother, which purported to set forth in detail appellant's job responsibilities pursuant to the alleged oral contract, and a detailed statement of hours and services rendered for each date of employment. Assuming that these submissions constituted "new facts," and assuming further that appellant's justification for failing to present them on the prior motion—that he left the documents in his condo in Florida—was "reasonable," the new facts do not change the prior determination (CPLR 2221 [e] [2], [3]). Appellant's submissions on renewal were plainly created after the fact, and therefore added nothing to substantiate his claim.

We have considered appellant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ.